UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-00660-F

| | |
|---|---|
| WANDA WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ELRAC, INC., ELRAC, LLC, THE ) | |
| GOODYEAR TIRE & RUBBER ) | |
| COMPANY d/b/a JUST TIRES, ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court upon a motion to compel (DE-30) by Defendant Goodyear Tire & Rubber Company d/b/a Just Tires ("Just Tires") and a motion to compel (DE-32) by Defendant ELRAC, LLC ("ELRAC") (collectively, "Defendants"). Plaintiff has responded (DE-34, DE-35) and, accordingly, the motions to compel are ripe for adjudication. In accordance with 28 U.S.C. § 636(b)(1), the motions to compel are referred to the undersigned. For the reasons stated herein, Just Tires' motion to compel (DE-30) is denied without prejudice. ELRAC's motion to compel (DE-32) is granted.

**A. Just Tires' Motion to Compel, DE-30**

Just Tires served its first set of interrogatories and requests for production of documents on Plaintiff on January 11, 2013. Ex. A, DE-30-1. However, Plaintiff failed to provide any response to the discovery requests. On March 15, 2013, Just Tires sent Plaintiff a letter inquiring about the failure to respond. Ex. B, DE-30-2. Further correspondence between the parties indicates that, as of April 16, 2013, Plaintiff had not yet responded to Just Tires' discovery requests. Ex. C, DE-30-3. Just Tires requests the Court enter an order compelling Plaintiff to

respond to the discovery requests within fourteen days and "order such sanctions as [the Court] deems just and proper." Def.'s Mem. Supp. Mot. Compel 4, DE-31.

In response, Plaintiff states that her medical condition has impaired her ability to respond, but that, as of May 14, 2013 (the date of her response), she has served responses to Just Tires' discovery requests. She requests "that the Court enter an Order requiring complete and full responses in 21 days and impose sanctions if [she] fails to comply." Pl.'s Resp. 2, DE-34.

While not expressly stated, implicit in Just Tires' motion to compel is also a request to amend the scheduling order to reopen discovery. Discovery in this case concluded on March 30, 2013. Scheduling Order, DE-23. Just Tires did not inquire about Plaintiff's failure to respond to discovery until March 15, 2013, just two weeks before discovery closed, and did not file its motion to compel discovery until April 30, 2013, four weeks after the close of discovery. A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). In its motion, Just Tires does not address the delay in seeking an order compelling discovery and ignores the issue of good cause altogether. *See* Scheduling Order, DE-23 (cautioning counsel "not to be dilatory in pursuing discovery" as "[m]otions for extensions of [the March 30, 2013 discovery completion deadline] are not favored if they would require a continuance of the trial"). Dispositive motions are due in this case by June 15, 2013, and trial is scheduled for November 4, 2013.

Because Just Tires fails to offer any explanation of its delay in seeking to compel discovery, and because it appears that Plaintiff has now responded to the discovery requests, the motion to compel (DE-30) is DENIED WITHOUT PREJUDICE. If Just Tires chooses to renew its motion, it should inform the Court as to the additional time needed to complete discovery in this case and file an appropriate motion to amend the scheduling order.

### B. ELRAC's Motion to Compel, DE-32

The motion to compel by ELRAC presents a somewhat different case. ELRAC served its first set of interrogatories and requests for production of documents on Plaintiff on December 12, 2012. Exs. 1-2, DE-32-1, DE-32-2. Plaintiff responded to the discovery via e-mail on January 28, 2013. Ex. 3, DE-32-3. Counsel for ELRAC contacted Plaintiff on January 29, 2013 about the e-mailed interrogatory responses, noting that the responses were only "a redlined version and unsigned" and that he "assume[d] the final version [was] in the mail." Ex. 5, DE-32-5. On March 14, 2013, counsel for ELRAC sent a letter to opposing counsel outlining the deficiencies in Plaintiff's discovery responses and noting that, as of that date, Plaintiff had not yet provided "any final, signed discovery responses, any additional documents that the responses stated were going to be sent, any available dates to depose Ms. Wilson, or any available deposition dates or materials for any experts." Ex. 6, DE-32-6. Plaintiff appeared for deposition on April 8, 2013.

ELRAC states that, although Plaintiff provided additional responsive documents on March 26, 2013 and April 8, 2013, Plaintiff has not yet provided signed responses to its discovery requests, and has not yet produced the documents requested by ELRAC's Requests for Production Nos. 6-8, 10, 15, 16, 21, 30, 37, and 39. ELRAC now seeks an order compelling complete, signed responses to the interrogatories and production of the requested documents within fourteen days, without objection.

In response, Plaintiff again cites her medical condition as a contributing factor in the delay of her discovery responses. Plaintiff also notes that the documents sought by ELRAC in the above-listed Requests for Production are not in her personal possession, and that some of the requested documents do not exist. For example, Plaintiff reports that she does not have "representative photographs of herself each year for the last ten years" as requested by ELRAC

3

in its Request for Production No. 39, and that "Sprint has indicated telephone records from seven years ago may no longer exist" as sought by ELRAC's Request for Production No. 6.  Pl.'s Resp. ¶ 6, DE-35.  Plaintiff notes she "has recently signed additional releases to expedite the delivery of the missing documents" *id*. at ¶ 3, and "will provide a notarized verification of her responses." *Id*. at ¶ 5.  She requests the Court enter an order requiring full and complete responses within twenty-one days "and impose sanctions if [she] fails to comply."

Like Just Tires, ELRAC does not explain why it waited until four weeks after discovery closed in this case to seek an order compelling discovery.  Nevertheless, the evidence before the Court tends to show that ELRAC has been considerably more diligent in pursuing discovery than Just Tires, and that, unlike Plaintiff's complete failure to respond to Just Tires' discovery requests, Plaintiff has provided discovery to ELRAC, however incomplete.  Moreover, as Plaintiff provided additional discovery responses on March 26th and April 8th, counsel for ELRAC had reasonable grounds to believe that a motion to compel would prove unnecessary.  Plaintiff does not dispute the merits of ELRAC's motion to compel, other than to note that two of the requested documents do not exist, and to request additional time to provide her full and complete responses.  However, Plaintiff has already had more than adequate time to fulfill her discovery obligations, and given the dispositive motions deadline of June 15, 2013, twenty-one additional days is an unreasonable amount of time to complete the discovery that was due on March 30, 2013.  ELRAC's motion to compel (DE-32) is therefore GRANTED.

Plaintiff has ten (10) days from entry of this order to provide ELRAC with full and complete, signed and verified responses to ELRAC's first set of interrogatories and first set of requests for production, without objection, with the exception of Request for Production Nos. 6 and 39.

Failure by Plaintiff to provide ELRAC with full and complete, signed and verified responses to ELRAC's first set of interrogatories and first set of requests for production within ten days from entry of this order will result, upon motion by ELRAC, in the imposition of sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Monday, May 20, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE